### T. T. BARTIN v. THE STATE.

#### No. 7507. Decided March 7, 1923.

**Theft—Explanation of Possession—Sufficiency of the Evidence.**

Upon trial of theft there was sufficient evidence to justify conviction and to overcome the favorable inference that might be drawn from the explanation given, and although the evidence was conflicting, the same is sufficient to sustain the conviction.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of five years.

The property stolen was a Ford automobile of which G. F. Lauraine was the owner.

According to the State's testimony, Lauraine's automobile was stolen by some one and soon thereafter it was found in the possession of the appellant and his co-indictee Sepulvado. The automobile was stolen in the city of Galveston and was afterwards found in possession of the appellant and Sepulvado in Harris County. Appellant was driving the car and Sepulvado and two ladies were in it. The officer who found the car inquired of the men as to the owner of the car, and Sepulvado said that it belonged to him. Sepulvado also testified upon the trial that he had bought the car from one, Richards, and that appellant had advanced him part of the money to pay for it; that a bill of sale was obtained and the transaction took place in Houston, Harris County; that Richards resided in Texarkana.

The factory numbers on the car had been changed; the license and seals which were on it had been removed and others substituted therefor. The trade number of the merchant in Houston who sold the car was not obliterated nor discovered and by that the car was identified by the merchant who sold it and also by the appellant. The car was a new Ford automobile.

In appellant's room there were found a number of keys to fit various designs of Ford automobiles. There was found among appellant's effects a bill of sale purporting to transfer a Ford car from Roy Collins to Bob Richards, and proof was introduced that it was acknowledged by appellant under the name of Roy Collins. There was also a written transfer purporting to have been signed by Bob Richards, conveying a Ford automobile to R. T. Sepulvado. This was sworn to in a hotel in Houston, but the notary was unable to give any information touching the identity of the person signing it.

There was expert testimony to the effect that these documents were all signed in the handwriting of the appellant. The documents purported to bear dates antecedent to the time of the theft.

Appellant insists that he was entitled to an acquittal upon the ground that the explanation of his possession was reasonable and probably true and consistent with his innocence. See Branch's Ann. Texas P. C., Sec. 2462, and authorities upon the subject of recent possession and explanation of stolen property. We are unable to coincide with this view for the reason that, in our judgment, there was sufficient evidence before the jury to justify appellant's conviction and to overcome any favorable inference that might be drawn from the explanation given by Sepulvado at the time of the arrest. This ex-

planation was that he bought it from Richards. Richards. was not produced as a witness nor is his absence satisfactorily accounted for.

In testing the truth of the statement of Sepulvado, it was competent for the jury to take into account the circumstances revealed by the evidence. The State was not bound to take the bill of sale purporting to have been executed by Richards as *bona fide,* especially in view of the testimony indicating that it was executed by the appellant and tending to show that it was from the appellant and not from Richards that Sepulvado received the car. See Roberts v. State, 17 Texas Crim. App., 82; Branch's Ann. Texas P. C., p. 1333, and cases cited.

The judgment is affirmed.

*Affirmed.*